Michael Conrad **SULLIVAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–96–01472–CR.

Court of Appeals of Texas, Dallas.

Jan. 12, 1999.

Rehearing Overruled Feb. 12, 1999.

Kerry P. FitzGerald, Attorney at Law, Dallas, for Appellant.

Wendy Koster, Assistant District Attorney, Dallas, for State.

Before Justices CHAPMAN,[1] JAMES, and MOSELEY.

## OPINION

TOM JAMES, Justice.

Michael Conrad Sullivan appeals his conviction for indecency with a child. Following appellant's open plea of guilty, the trial court sentenced appellant to sixteen years imprisonment. In four points of error, appellant contends the indecency with a child statute is unconstitutional under the United States and Texas constitutions. We affirm.

## BACKGROUND

Appellant delivered pizza part-time for supplemental income. Upon making a pizza delivery to complainant's home, appellant observed complainant, a ten year old boy, and engaged him in conversation about a decal on the boy's shirt. Appellant then reached down and rubbed the boy's chest both inside and outside of the boy's shirt. After being paid for the pizza, appellant made another delivery, went to a store and purchased soft drinks and ice cream, and returned to the complainant's neighborhood where he passed out the soda and ice cream to children playing in the area.

Appellant pleaded guilty to the offense of indecency with a child and signed a judicial confession which was admitted into evidence at the plea hearing as State's exhibit one. The confession states appellant did "unlawfully, knowingly and intentionally engage in sexual contact with [the complainant] ... by contact between the hand of defendant and BREAST of complainant, with the intent to arouse and gratify the sexual desire of the defendant."

## CONSTITUTIONALITY OF THE STATUTE

The gravamen of appellant's argument is the indecency statute fails to make a gender

---

1. Justice Chapman participated in the decision in this case, but due to his retirement on December 31, 1998 did not participate in the issuance of the opinion or the judgment.

distinction between touching the breast of a male and a female child. Appellant contends touching the breast of a male child would not ordinarily be considered sexual in nature. Therefore, appellant argues, the statute violates the due process requirements of the state[2] and federal constitutions by failing to provide fair notice that touching the breast of a young boy is criminal. Appellant further argues the statute is unconstitutionally overbroad and vague because it encompasses innocent and innocuous conduct, namely touching the breast of a male child. We conclude the indecency statute is constitutional.

### 1. Standard of Review

■■■ When reviewing the constitutionality of a statute, we presume the statute is valid and the legislature has not acted unreasonably or arbitrarily in enacting the statute. *Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex. Crim.App.1978). The burden rests on the party challenging the statute to establish its unconstitutionality. *Id.* We uphold the statute if we can determine a reasonable construction which will render it constitutional and carry out the legislative intent. *See Ely v. State,* 582 S.W.2d 416, 419 (Tex.Crim.App. 1979).

### 2. Waiver

Preliminarily, the State contends appellant raises only challenges to the indecency statute as applied to his specific conduct, and asserts appellant has waived these constitutional complaints by failing to assert them in the trial court. In his reply brief, appellant contends he is challenging the facial validity of the statute and therefore was not required to urge his complaint before the trial court.

■ In order to preserve for appellate review an attack on the constitutionality of a statute as applied, the defendant must raise the complaint in the trial court. *Curry v. State,* 910 S.W.2d 490, 496 (Tex.Crim.App.

1995); *Garcia v. State,* 887 S.W.2d 846, 861 (Tex.Crim.App.1994), *cert. denied,* 514 U.S. 1005, 115 S.Ct. 1317, 131 L.Ed.2d 198 (1995). Therefore, to the extent appellant is challenging the validity of the indecency statute as applied to him, he has waived these points of error.

■ Appellant was not required, however, to raise below constitutional challenges that the statute is facially invalid or void *ab initio. See Garcia,* 887 S.W.2d at 861; *Smith v. State,* 772 S.W.2d 946, 949 (Tex.App.—Dallas 1989, pet. ref'd). We are required to construe appellant's brief liberally. *See* Tex. R.App. P. 38.9. We conclude appellant's points of error could be construed as attacking the facial validity of the statute, notwithstanding appellant's repeated references to the unconstitutionality of the statute "under the facts of this case." Therefore, to the extent applicable, we will treat appellant's points of error as challenges to the statute on its face.

### 3. Overbroad/Vague

■■ It is axiomatic that a statute which either forbids or requires the doing of an act in terms so vague that persons of common intelligence must guess as to its meaning and differ as to its application lacks the first essential of due process of law. *Ex parte Chernosky,* 153 Tex.Crim. 52, 217 S.W.2d 673, 674 (1949). Therefore, we first consider appellant's third and fourth points of error in which he contends the indecency statute is unconstitutionally vague and overbroad under both the United States and Texas constitutions.[3] Such a combined attack on the validity of a statute requires we first address appellant's facial overbreadth challenge. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982).

---

2. We understand appellant's due process challenge under the state constitution to refer to the due course of law provision found at article I, section 19 of the Texas Constitution.

3. Appellant's third point of error challenges the statute as vague and overbroad under the state constitution, and his fourth point asserts the

same challenge under the federal constitution. Although he discusses the two points separately, appellant does not argue that a different standard applies under the federal and state constitutions and his arguments under both points are not substantively different; therefore, we will address both points together.

■ An overbroad statute sweeps too broadly by attempting to regulate constitutionally protected activity. *Byrum v. State*, 762 S.W.2d 685, 687 (Tex.App.—Houston [14th Dist.] 1988, no pet.); *see also Village of Hoffman Estates*, 455 U.S. at 494, 102 S.Ct. 1186; *Broadrick v. Oklahoma*, 413 U.S. 601, 615, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). Although appellant has not argued that the First Amendment or other fundamental interest protected his conduct, the issue controlling appellant's facial overbreadth challenge is whether the indecency statute substantially encompasses protected activity. *Byrum*, 762 S.W.2d at 687; *see also Village of Hoffman Estates*, 455 U.S. at 494, 102 S.Ct. 1186; *Broadrick*, 413 U.S. at 615, 93 S.Ct. 2908. We conclude it does not.

In relevant part, the statute provides "[a] person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he ... engages in sexual contact with the child." TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon 1994). The term "sexual contact" is defined as "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." TEX. PENAL CODE ANN. § 21.01(2) (Vernon 1994).

■ Therefore, to commit an offense, one must touch a child's body with the requisite intent. A statute which forbids intentional conduct is rarely subject to a facial overbreadth challenge. *See United States v. National Dairy Prods. Corp.*, 372 U.S. 29, 35, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963); *Screws v. United States*, 325 U.S. 91, 101–03, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); *Byrum*, 762 S.W.2d at 688. Further, the intent necessary to commit an offense under the indecency statute is such that no constitutionally protected conduct is included. Clearly, had it chosen to do so the legislature could have prohibited any touching of a child by an adult "with intent to arouse or gratify the sexual desire of any person." [4] Having limited the prohibition to touching only certain body parts precisely defined by their anatomical names, the legislature has even more narrowly limited the breadth of the statute. *Cf. Byrum*, 762 S.W.2d at 688.

■ Appellant's contention that the statute encompasses innocent contact with a male child is incorrect. Plainly this is not what the statute provides. Appellant's argument hinges on ignoring the requisite intent. Innocent touching of a male child, or female child, is not prohibited by the statute. Only touching intended to arouse or gratify sexual desires is prohibited. Therefore, contrary to appellant's assertion, a parent engaging in the simple act of bathing a small child would not be in violation of the statute because such touching is not intended to arouse or gratify any sexual desire. We conclude the statute does not encompass a substantial amount of constitutionally protected activity and reject appellant's facial overbreadth challenge.

■ *Village of Hoffman Estates* requires we next consider the facial vagueness challenge. 455 U.S. at 494–95, 102 S.Ct. 1186; *Byrum*, 762 S.W.2d at 687. A statute is void for vagueness when it fails to give a person of ordinary intelligence fair notice of what conduct the statute prohibits or is so indefinite that it encourages arbitrary arrests and convictions. *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983); *Long v. State*, 931 S.W.2d 285, 287 (Tex.Crim.App.1996). When the statute implicates no constitutionally protected conduct, as is the case here, *Village of Hoffman Estates* appears to require a two-part analysis. We must first examine the statute as applied to appellant's specific conduct. *See Village of Hoffman Estates*, 455 U.S. at 495, 102 S.Ct. 1186. This is so because one "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of

4. This is precisely the approach the California legislature has taken. Under California law, any touching of a child under fourteen years of age with the intent to sexually arouse either the defendant or the child is unlawful. *People v. Martinez*, 11 Cal.4th 434, 45 Cal.Rptr.2d 905, 909, 903 P.2d 1037 (Cal.1995). Although appellant cites *People v. Gaglione*, 26 Cal.App.4th 1291, 32 Cal.Rptr.2d 169 (1994), for the proposition that the unlawful touching must be objectively sexual in nature, *Gaglione* was expressly overruled by *Martinez*. *Martinez*, 45 Cal.Rptr.2d at 916, 903 P.2d 1037.

the law as applied to the conduct of others." *Id.; see also United States v. Mazurie,* 419 U.S. 544, 550, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975) ("[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand."). Demonstrating that the statute is impermissibly vague as applied, however, is insufficient to hold the statute void for vagueness. To successfully demonstrate that a statute is unconstitutionally vague on its face, the challenger must also demonstrate the law is impermissibly vague in all of its applications. *Village of Hoffman Estates,* 455 U.S. at 494–95, 102 S.Ct. 1186. Therefore, *Village of Hoffman Estates* requires that even if the individual challenging the statute establishes it is unconstitutional as applied to his conduct, we must still determine whether the enactment is impermissibly vague in all of its applications.

Nevertheless, the court of criminal appeals appears to have taken a more narrow view of *Village of Hoffman Estates.* It has repeatedly stated that in analyzing a facial vagueness challenge where no First Amendment rights are involved, "we need only scrutinize the Act to determine whether it is impermissibly vague as applied to appellant's conduct." *Clark v. State,* 665 S.W.2d 476, 483 (Tex.Crim.App.1984); *see also Bynum v. State,* 767 S.W.2d 769, 774 (Tex.Crim.App. 1989); *Briggs v. State,* 740 S.W.2d 803, 806 (Tex.Crim.App.1987).

Several of our sister appellate courts have read this language literally, apparently concluding it obviates the need for considering the challenged act in all of its applications, and have limited their review solely to the operation of the statute as applied to the defendant's conduct. *See, e.g., State v. Mendel,* 871 S.W.2d 906, 908 (Tex.App.—Houston [14th Dist.] 1994, no pet.) ("In passing on a vagueness challenge where no first amendment rights are involved, the reviewing court should not consider hypothetical situations, but should scrutinize the statute only to determine whether it is impermissibly vague as

applied to the challenging party's specific conduct."); *see also Garay v. State,* 940 S.W.2d 211, 219 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd); *Fetterolf v. State,* 782 S.W.2d 927, 933 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd); *but see Byrum,* 762 S.W.2d at 688 (acknowledging that facial vagueness challenge is addressed only if challenging party first demonstrates statute is unconstitutional as applied). Such a literal reading supports the State's position that a vagueness challenge outside the First Amendment context is inherently an "as applied" constitutional challenge. This interpretation limits facial vagueness challenges to actions implicating First Amendment freedoms. Accordingly, if appellant's vagueness challenge is inherently an "as applied" constitutional challenge, it was clearly waived by failing to assert it in the trial court. *See Curry,* 910 S.W.2d at 496.

■ To so hold, however, would put us at odds with *Village of Hoffman Estates* which recognizes that a statute may be challenged on its face as unduly vague, in violation of due process, even if the statute does not reach constitutionally protected conduct. *Village of Hoffman Estates,* 455 U.S. at 497, 102 S.Ct. 1186. Failing to consider such a facial challenge would require us to ignore long-standing precedent holding a defendant may always assert a challenge to the constitutionality of a statute upon which a conviction is based regardless of whether the issue is raised in the trial court. *Rabb v. State,* 730 S.W.2d 751, 752 (Tex.Crim.App.1987); *Smith v. State,* 772 S.W.2d 946, 949 (Tex. App.—Dallas 1989, pet. ref'd). Requiring the defendant to preserve such a challenge in the court below on pain of waiver could result in a criminal conviction based upon an unconstitutional statute. An unconstitutional statute, however, is void from its inception and generally cannot provide a basis for any right or relief. *Jefferson v. State,* 751 S.W.2d 502, 502–03 (Tex.Crim.App.1988).[5] Therefore, as did the court in *Byrum,* we recognize that consideration of the statute as applied to appellant's conduct is merely the first stage

---

5. This general rule is subject to an exception where a party has relied on the benefits of the statute prior to the declaration of invalidity. *La-*

*pasnick v. State,* 784 S.W.2d 366, 368 (Tex.Crim. App.1990). The exception is not applicable here.

of a two-part facial vagueness analysis required by *Village of Hoffman Estates. Byrum,* 762 S.W.2d at 688; *see also Rose v. State,* 752 S.W.2d 529, 552–53 (Tex.Crim.App. 1987) (holding constitutional challenge to void statute may be raised for first time on appeal). Therefore, in the limited context of analyzing a facial vagueness challenge, we conclude we must address appellant's "as applied" challenge even though the issue was not raised below.

We have no trouble, however, concluding the statute is not unconstitutionally vague as applied to appellant. The indecency statute unambiguously applies to appellant's conduct. The statute clearly delineates the prohibited conduct—touching the specified body parts of children with intent to arouse or gratify sexual desires. In his judicial confession, appellant admitted he touched the complainant with the intent to arouse and gratify his sexual desires. Appellant was not required to guess what is prohibited; his conduct is clearly covered by the statute. Certainly any adult of ordinary intelligence would know such conduct is prohibited by the statute and could act accordingly.[6] *See Kolender,* 461 U.S. at 357, 103 S.Ct. 1855.

Appellant also has not attempted to demonstrate the statute is unconstitutionally vague in all of its applications.[7] In his brief, appellant tacitly admits the statute is not vague when applied to female children. A statute is facially void for vagueness only when there is no core of prohibited activity.

*Briggs,* 740 S.W.2d at 806. In this instance, there is clearly a core of well-defined prohibited activity. Thus, because appellant has not attempted to and cannot demonstrate the statute is vague in all of its applications, the vagueness challenge must fail. *See Village of Hoffman Estates,* 455 U.S. at 497, 102 S.Ct. 1186. We overrule appellant's third and fourth points of error.

### 4. Due Process

In his first and second points of error, appellant complains the indecency statute violates the due process provisions of the federal and state constitutions.[8] In order to satisfy substantive due process requirements, legislation "must bear a reasonable relation to a proper legislative purpose" and "be neither arbitrary nor discriminatory." *United States v. Coastal States Crude Gathering Co.,* 643 F.2d 1125, 1127–28 (5th Cir.) (quoting *Nebbia v. New York,* 291 U.S. 502, 537, 54 S.Ct. 505, 78 L.Ed. 940 (1934)), *cert. denied,* 454 U.S. 835, 102 S.Ct. 136, 70 L.Ed.2d 114 (1981); *see also Flores v. State,* 904 S.W.2d 129, 130 (Tex.Crim.App.1995), *cert. denied,* 516 U.S. 1050, 116 S.Ct. 716, 133 L.Ed.2d 670; *Jackson v. State,* 807 S.W.2d 387, 390 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). The government does not violate a party's substantive due process rights as long as any rational basis exists for the challenged action. *See Williamson v. Lee Optical of Okla.,* 348 U.S. 483, 488, 75 S.Ct. 461, 99 L.Ed. 563 (1955); *Jackson,* 807 S.W.2d at 390; *Eiland v. Wolf,* 764 S.W.2d 827, 834 (Tex.App.—Houston [1st Dist.] 1989,

---

6. Appellant challenges as vague only the portion of the statute which defines "sexual conduct" as including "any touching of the ... breast" of a child. He does not challenge the intent provision. Constitutional challenges to the intent provision have been rejected in other contexts. *See, e.g., Byrum,* 762 S.W.2d at 688; *Balash v. State,* 720 S.W.2d 878, 879 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd).

7. The failure of appellant to do so casts further doubt on whether appellant did indeed intend to assert a facial vagueness challenge as he contends.

8. Appellant's first point of error addresses the state constitution and his second point addresses the federal constitution. The corresponding "due process" provision of the Texas Constitution provides: "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." Tex. Const. art. I, § 19. Historically, courts have equated the due course of law clause in the Texas Constitution with the guarantee of due process under the Fourteenth Amendment of the United States Constitution. *See Norris v. State,* 788 S.W.2d 65, 72 (Tex.App.—Dallas 1990, pet. ref'd); *see also University of Tex. Med. Sch. v. Than,* 901 S.W.2d 926, 929 (Tex.1995) (holding there is no meaningful distinction between "due course" and "due process"). Appellant does not provide substantively different analyses for the two provisions; therefore, we will consider appellant's federal due process claim and his state due course claim together.

writ denied). Furthermore, a law "does not run foul of the Fourteenth Amendment because another method may seem ... to be fairer or wiser[.]" *Snyder v. Massachusetts,* 291 U.S. 97, 105, 54 S.Ct. 330, 78 L.Ed. 674 (1934) (Cardozo, J.), *overruled on other grounds, Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); *see also Spencer v. Texas,* 385 U.S. 554, 564, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967) (quoting *Snyder); Jackson,* 807 S.W.2d at 390.

■ Appellant's due process challenges suffer from the same fundamental flaw as his overbreadth challenge. He ignores the requisite intent necessary for the offense. Certainly the legislature has a legitimate purpose in protecting all children, regardless of their sex, from sexual predators. It is a rational means to further that purpose to prevent adults from touching certain body parts of children with the intent to arouse and gratify sexual desires. The legislature rationally could have concluded children of either sex will suffer emotional harm, and be placed at significant risk of physical harm, if the law allowed those with pedophilic tendencies to touch the breasts of either male or female children. Additionally, as the legislative history shows, the legislature also was concerned that the failure to provide the same protection for male children as female children could render the legislation subject to attack on equal protection grounds.[9] Accordingly, we conclude the indecency statute is rationally related to a legitimate legislative purpose and does not violate the due process provisions of the United States Constitution or the due course of law provision of the Texas Constitution. We overrule appellant's first and second points of error. For the reasons set forth above, we affirm the trial court's judgment.

---

9. We are not, however, limited to the legislative history to determine a rational basis for the legislation. Unless the claim involves a violation of fundamental rights, any rational basis for the statute, even if not the real reason for the governmental action, satisfies the requirements of substantive due process. *Chandler v. Jorge A. Gutierrez, P.C.,* 906 S.W.2d 195, 202 (Tex.App.—Austin 1995, writ ref'd).