**John Randall STEWART, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 12–98–00288–CR.

Court of Appeals of Texas,
Tyler.

Aug. 31, 1999.

Rehearing Overruled Nov. 30, 1999.

Edward Marty, Tyler, for the State.

Mark Breding, Tyler, for Appellant.

Panel consisted of RAMEY, C.J., HADDEN, J., and WORTHEN, J.

WORTHEN, Justice.

Appellant John Randall Stewart appeals his conviction for indecency with a child. Following Appellant's open plea of guilty, the trial court sentenced Appellant to fourteen years' imprisonment. In a single multifarious issue, Appellant contends that the indecency with a child statute, section 21.11(a)(1) of the Texas Penal Code, is unconstitutional under both the United States and Texas Constitutions. Appellant, however, confines his argument to the United States Constitution; accordingly, we will limit our discussion to that issue and will affirm.

Appellant pleaded guilty to the offense of indecency with a child and signed a judicial confession which was admitted into evidence at the plea hearing. The confession states that the Appellant did "cause the hand of E. A., a child younger than seventeen years of age and not the spouse of John Randall Stewart, to contact the male sexual organ of John Randall Stewart with the intent to arouse and gratify the sexual desire of the said John Randall Stewart."

■■■ Appellant contends that Texas Penal Code section 21.11(a)(1) violates the Due Process of Law provisions of the United States Constitution because it is both unconstitutionally vague and overbroad. He further alleges that the statute infringes upon certain marital privacy rights protected by the First Amendment which is applicable to the states through the Fourteenth Amendment. To preserve for appellate review an attack on the constitutionality of a statute as applied to him, a defendant must have first raised the issue in the trial court. *Curry v. State*, 910 S.W.2d 490, 496 (Tex.Crim.App.1995); *Sullivan v. State*, 986 S.W.2d 708, 711 (Tex. App.—Dallas 1999, no pet.). Although Appellant made no such challenge at the trial court level, he may nevertheless challenge on appeal the constitutionality of the statute on grounds that it is facially invalid. *Garcia v. State*, 887 S.W.2d 846, 861 (Tex. Crim.App.1994).

## APPLICABLE LAW

■■■ Criminal laws must be sufficiently clear in at least three respects: (1) a person of ordinary intelligence must be given a reasonable opportunity to know what is prohibited; (2) the law must establish determinate guidelines for law enforcement; and (3) where First Amendment freedoms are implicated, the law must be sufficiently definite to avoid chilling protected expression. *Grayned v. Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298–2299, 33 L.Ed.2d 222 (1972); *Long v. State*, 931 S.W.2d 285, 287 (Tex.Crim.App. 1996). When reviewing the constitutionality of a statute, we are to presume the statute is valid and the legislature has not acted unreasonably or arbitrarily in enacting it. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex.Crim.App.1978). The burden rests on the party challenging the statute to establish its unconstitutionality. *Id.* Further, we are to uphold the statute if we can determine a reasonable construction which will render the statute constitutional and carry out the legislative intent. *Ely v. State*, 582 S.W.2d 416, 419 (Tex.Crim.App. 1979).

### OVERBREADTH

■■■ An overbroad statute is one which sweeps too broadly by attempting to regulate constitutionally protected activity. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982); *Sullivan*, 986 S.W.2d at 712; *Byrum v. State*, 762 S.W.2d 685, 687 (Tex.App.—Houston [14th Dist.] 1988, no pet.). Criminal statutes that make a substantial amount of constitutionally protected conduct unlawful may be held facially invalid

for overbreadth even if they have legitimate applications. *Kolender v. Lawson,* 461 U.S. 352, 359 n. 8, 103 S.Ct. 1855 n. 8, 75 L.Ed.2d 903 (1983). The issue in a facial overbreadth analysis is whether the statute substantially encompasses protected activity, e.g., marital privacy under the First Amendment. *Sullivan,* 986 S.W.2d at 712. A statute which prohibits intentional conduct is rarely subject to a facial overbreadth challenge. *Id.* Further, it has been held that the intent necessary to commit an offense under the indecency with a child statute is such that no constitutionally protected conduct is included. *Id.*

*VAGUENESS*

■■■■■■ A statute is void for vagueness when it fails to give a person of ordinary intelligence fair notice of what conduct the statute prohibits or is so indefinite that it encourages arbitrary arrests and convictions. *Kolender,* 461 U.S. at 357, 103 S.Ct. at 1855. As Judge Onion noted in *Sanchez v. State:*

> The overbreadth and vagueness doctrines are conceptually distinct, but in the First Amendment context they tend to overlap since statutes are often overly broad because their language is vague about what behavior is prescribed.

*Sanchez v. State,* 974 S.W.2d 307, 312 (Tex. App.—San Antonio 1998), *rev'd on other grounds,* 995 S.W.2d 677, 1999 WL 435199 (Tex.Crim.App. June 30, 1999). The standards for vagueness under the Due Process Clause of the Fourteenth Amendment are "less exacting than those dictated by the First Amendment." *Sanchez v. State,* 995 S.W.2d 677, 683–684 (Tex.Crim.App. 1999). Generally, when challenging the facial validity of a statute the appellant must not only establish that the statute is impermissibly vague as applied to him, but must also successfully demonstrate that the statute is unconstitutionally vague in all of its applications. *Id.; Sullivan,* 986 S.W.2d at 713, *citing Village of Hoffman Estates,* 455 U.S. at 494, 102 S.Ct. at 1191.

"[I]f the statute is not vague as to the litigant, a Due Process challenge must necessarily fail: a person who 'engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.' " *Sanchez,* 995 S.W.2d 677, 683–684, *quoting Village of Hoffman Estates,* 455 U.S. at 495, 102 S.Ct. at 1191. However, when such a challenge involves First Amendment considerations, a criminal statute may be held facially invalid even though it may not be unconstitutional as applied to the appellant's conduct. *Sullivan* 986 S.W.2d at 713; *Long,* 931 S.W.2d at 288.

ANALYSIS

Here, Appellant concedes that as applied to him, the statute about which he complains is not unconstitutional. He, however, asserts that it is susceptible to applications which tread upon marital privacy rights protected by the First Amendment. The Texas Penal Code statute about which he complains provides as follows in relevant part:

§ 21.11

(a) A person commits an offense if, with a child younger than seventeen years and not his spouse, whether the child is of the same or opposite sex, he:

(1) engages in sexual contact with the child.

TEX.PEN.CODE ANN. § 21.11(a)(1) (Vernon 1994). Section 21.01(2) of the Penal Code then defines sexual contact as follows:

(2) "Sexual contact" means any touching of the anus, breasts, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person.

TEX.PEN.CODE ANN. § 21.01(2) (Vernon 1994). Appellant contends that when the definition of "sexual contact" is inserted into section 21.11(a)(1), the statute becomes overbroad and vague: "A person commits an offense if, with a child ..., he engages in sexual contact with the child by any touching of the anus, breast, or any

part of the genitals of another person with intent to arouse or gratify the sexual desire of any person."

 Appellant then explains that the statute and definition combined make unlawful the conduct contained in innocent hypothetical situations like the one he presents: If a woman were to touch her husband's breast with intent to gratify her sexual desire in the privacy of their own home while their four-month-old baby was present, she would be in violation of this statute. Appellant complains that a clear reading of the statute thus improperly implicates substantial First Amendment marital privacy rights of a citizen in his or her own home.

In support of his position, Appellant cites *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). There, the Court stated: "We deal with a right of privacy older than the Bill of Rights ... Marriage is a coming together for better or for worse, hopefully enduring, and intimate to the degree of being sacred." *Id.*, 381 U.S. at 486, 85 S.Ct. at 1682.

We have reviewed *Griswold* and other cases cited by Appellant, and have concluded that no marital privacy right protected by the First Amendment is implicated by Texas Penal Code section 21.11(a)(1). Unlike the cases relied upon by Appellant, the scenario Appellant presents does not merely contemplate sexual contact between married persons in the privacy of their own home. Instead, it includes intentionally engaging in sexual contact *"with* the child." Appellant presents a variety of definitions for the word "with" including "being together," "in the company of," "along side of," "close to," "near to," "among," etcetera. Applying any of these definitions to Appellant's hypothetical situation under section 21.11(a)(1), a child is intentionally included in the "sexual contact" between the married couple. We cannot say that such sexual activity in the presence of a child is

constitutionally protected under the First Amendment.

 Having determined that no First Amendment right is implicated, Appellant's overbreadth argument thus fails. *Sullivan*, 986 S.W.2d at 712. Moreover, since the First Amendment is not implicated, in order to establish that section 21.11(a)(1) is unconstitutionally vague on its face, he must have successfully demonstrated that the statute is unconstitutionally vague in all of its applications. *Sanchez*, 995 S.W.2d 677, 683–684. Appellant having already conceded that the statute was not unconstitutional as applied to him, we hold that Appellant's Fourteenth Amendment's Due Process rights were not violated. *Id.* Appellant's sole issue is therefore overruled.

The trial court's judgment is *affirmed.*