COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-09-050-CV

MATTHEW T. HINTERLONG                                        APPELLANT

V.

ARLINGTON INDEPENDENT                                        APPELLEE
SCHOOL DISTRICT

------------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION[1]

------------

I. INTRODUCTION AND FACTUAL BACKGROUND

Appellant Matthew T. Hinterlong appeals the trial court's judgment that

he take nothing from Appellee Arlington Independent School District (AISD) on

his due process claim asserted pursuant to 42 U.S.C. § 1983 (2003).

Hinterlong's due process claim arose out of an incident involving AISD's zero

---

[1] ... See Tex. R. App. P. 47.4.

tolerance policy as set forth in AISD's Code of Student Conduct Revised Version For 1999–2000.[2] Following an anonymous tip, school officials found a thimble-full of a substance that smelled like alcohol in an Ozarka water bottle in Hinterlong's vehicle while it was parked on school property. Based on this finding, AISD's zero tolerance policy required Hinterlong's removal from Arlington Martin High School and placement in Turning Point High School, an alternative school. After hearings before the vice principal, the principal, an administrative appeal panel, and the superintendent, the decision to place Hinterlong at the alternative school was upheld.

Ultimately, Hinterlong sued AISD and others[3] as a result of AISD's application of its zero policy to him. Following a bench trial, the trial court signed a take-nothing judgment in favor of AISD and against Hinterlong. Hinterlong requested findings of fact and conclusions of law. *See* Tex. R. Civ. P. 296. He did not, however, timely file a notice of past due findings of fact and conclusions of law, and none were made. *See* Tex. R. Civ. P. 297.

---

[2] AISD's Code of Student Conduct's zero tolerance policy has since been amended to require consideration of the student's intent.

[3] The other parties involved in the case were granted summary judgment before trial.

## II. STANDARD OF REVIEW

In a trial to the court where no findings of fact or conclusions of law are filed, the trial court's judgment implies all findings of fact necessary to support it. *Pharo v. Chambers County*, 922 S.W.2d 945, 948 (Tex. 1996); *In re Estate of Rhea*, 257 S.W.3d 787, 790 (Tex. App.—Fort Worth 2008, no pet.). Where a reporter's record is filed, however, these implied findings are not conclusive, and an appellant may challenge them by raising both legal and factual sufficiency of the evidence issues. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *Estate of Rhea*, 257 S.W.3d at 790. Where such issues are raised, the applicable standard of review is the same as that to be applied in the review of jury findings or a trial court's findings of fact. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989). The judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *In re Guardianship of Boatsman*, 266 S.W.3d 80, 85 (Tex. App.—Fort Worth 2008, no pet.).

## III. AISD PROVIDED HINTERLONG WITH A WAY TO ESCAPE ZERO TOLERANCE POLICY

On appeal, Hinterlong raises one issue, arguing that "[t]he evidence was factually and legally insufficient to support the District Court's implied finding that the school district's 'zero tolerance' policy is rationally related to a

legitimate state interest." Specifically, Hinterlong argues that he was entitled to school disciplinary procedures that comported with due process requirements and that AISD's zero tolerance policy did not meet those minimum requirements because it subjects to punishment students who do not knowingly or consciously possess alcohol.

A constitutional challenge, like the one Hinterlong raises, can be either a facial challenge or an as applied challenge. In a facial challenge, the challenging party contends that the statute, by its terms, *always* operates unconstitutionally. *See Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 518 (Tex. 1995) (citing *New York State Club Ass'n v. New York City*, 487 U.S. 1, 11, 108 S. Ct. 2225, 2233 (1988); *United States v. Salerno*, 481 U.S. 739, 745, 107 S. Ct. 2095, 2100 (1987)). An as applied challenge, however, requires the challenger to demonstrate only that the statute operates unconstitutionally when applied to the challenger's particular circumstances. *Garcia*, 893 S.W.2d at 518 n.16.

Although Hinterlong appears to raise both facial and as applied challenges, to have standing to raise a facial challenge, he must first demonstrate that the zero tolerance policy as applied to him operated unconstitutionally. *See generally Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 626 (Tex. 1996) (explaining that in

4

facial constitutional challenge to statute, plaintiff must have suffered some actual or threatened injury under the statute and must contend that the statute unconstitutionally restricts the plaintiff's own rights); *accord Stewart v. State,* 39 S.W.3d 230, 233 (Tex. App.—Tyler 1999, pet. denied) (stating that when challenging the facial validity of a statute, generally appellant must not only establish that statute is impermissibly vague as applied to him but must also successfully demonstrate that statute is unconstitutionally vague in all of its applications), *cert. denied*, 531 U.S. 857 (2000). Based on the record before us, as explained in more detail below, Hinterlong has not demonstrated that AISD's zero tolerance policy operated unconstitutionally as applied to him.

School districts' zero tolerance policies, as a whole, have promoted consistency over rationality. *See generally* Christopher D. Pelliccioni, Note, *Is Intent Required? Zero Tolerance, Scienter, and the Substantive Due Process Rights of Students*, 53 Case W. Res. L. Rev. 977, 990–91 (2003). Arguments can be made that appeals, processes, and procedures provided to a student after application of a zero tolerance policy are worthless because each appeal, process, or procedure simply affirms zero tolerance; that is, such procedural due process is meaningless because no one within the process can circumvent the policy. Moreover, strict adherence to zero tolerance policies without consideration of the student's mens rea would appear to run afoul of

5

substantive due process notions. *See Seal v. Morgan*, 229 F.3d 567, 578 (6th Cir. 2000) (stating that "the Board's Zero Tolerance Policy would surely be irrational if it subjects to punishment students who did not knowingly or consciously possess a weapon").

But here, the facts before the trial court demonstrated that Hinterlong suffered no deprivation of procedural due process or substantive due process because there was a way for Hinterlong to obtain consideration of his mens rea, to present evidence that he lacked knowledge of the Ozarka water bottle and its contents, and to thereby circumvent continued application of the zero tolerance policy. As noted above, Hinterlong received hearings before the vice principal, the principal, the administrative appeal panel, and the superintendent. The superintendent, Dr. Mac Bernd, testified that he informed Hinterlong that he would overturn the decision of the administrative appeal panel, thereby returning Hinterlong to Arlington Martin High School, if Hinterlong would provide one or more pieces of specified evidence, including an analysis of the substance in question showing that it was not alcohol, polygraph results from Hinterlong showing that he did not have prior knowledge of the bottle or of its contents, or testimony from an independent witness substantiating the allegation that the bottle was "planted" in Hinterlong's vehicle. Hinterlong, his mother, and Dr. Bernd all testified that Hinterlong did not supply any of the

6

specified items of evidence that would have allowed Dr. Bernd to overturn the decision of the administrative appeal panel. The record thus demonstrates that no evidence was presented by Hinterlong to escape application of the zero tolerance policy.[4] *But see* Christopher D. Pelliccioni, Note, *Is Intent Required? Zero Tolerance, Scienter, and the Substantive Due Process Rights of Students*, 53 Case W. Res. L. Rev. at 992 (stating that when superintendent has power to modify length of expulsion or to uphold principal's recommendation for expulsion for calendar year [as opposed to reversing the expulsion decision], the possible reduction in punishment really only softens the blow of zero tolerance policies that are unfairly applied in many circumstances). Because AISD provided an escape mechanism in lieu of strict application of the zero tolerance policy—that is, Dr. Bernd testified that, if provided with any of the requested evidence, he would have reversed the expulsion decision—Hinterlong's as applied due process challenge must fail. *Cf. Village of Hoffman Estates*, 455 U.S. at 499–500, 102 S. Ct. at 1194 (holding that appellee's facial challenge failed because ordinance contained a scienter requirement); *Garner v. Bd. of*

---

[4] ... The escape mechanism provided by the superintendent makes this case distinguishable from cases in which strict application of the zero tolerance policy is imposed despite the offender's lack of knowledge of the contraband. Thus, the issue of whether a zero tolerance policy that provides no escape mechanism would violate due process is not before us.

*Pub. Works of City of Los Angeles*, 341 U.S. 716, 723–24, 71 S. Ct. 909, 914 (1951) (holding that oath did not deny due process after assuming that scienter was implicit in each clause of oath).

Having reviewed the record and applied the appropriate standard of review set forth above, we hold that the trial court did not err by granting judgment for AISD and against Hinterlong on his due process claim. We overrule Hinterlong's sole issue.[5]

### IV. CONCLUSION

Having overruled Hinterlong's sole issue, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DELIVERED: February 11, 2010

---

[5] Based on our disposition of Hinterlong's sole issue, we need not address AISD's argument that the trial court's judgment could be upheld based on the unchallenged implied finding that Hinterlong suffered no damages. *See* Tex. R. App. P. 47.1; *see also Williams v. Kaufman County*, 352 F.3d 994, 1001 (5th Cir. 2003) (stating well-established law that plaintiffs may recover nominal damages when their constitutional rights have been violated but they are unable to prove actual injury).