COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-050-CV

 

 

MATTHEW T. HINTERLONG                                                  APPELLANT

 

                                                   V.

 

ARLINGTON INDEPENDENT                                                      APPELLEE

SCHOOL
DISTRICT                                                                              

 

                                              ------------

 

           FROM THE 352ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction and Factual Background








Appellant Matthew T. Hinterlong appeals the trial
court=s
judgment that he take nothing from Appellee Arlington Independent School
District (AISD) on his due process claim asserted pursuant to 42 U.S.C. ' 1983
(2003).  Hinterlong=s due
process claim arose out of an incident involving AISD=s zero
tolerance policy as set forth in AISD=s Code
of Student Conduct Revised Version For 1999B2000.[2]  Following an anonymous tip, school officials
found a thimble-full of a substance that smelled like alcohol in an Ozarka
water bottle in Hinterlong=s
vehicle while it was parked on school property. 
Based on this finding, AISD=s zero
tolerance policy required Hinterlong=s
removal from Arlington Martin High School and placement in Turning Point High
School, an alternative school.  After
hearings before the vice principal, the principal, an administrative appeal
panel, and the superintendent, the decision to place Hinterlong at the
alternative school was upheld.  

Ultimately, Hinterlong sued AISD and others[3]
as a result of AISD=s application of its zero policy
to him.  Following a bench trial, the
trial court signed a take-nothing judgment in favor of AISD and against
Hinterlong. Hinterlong requested findings of fact and conclusions of law.  See Tex. R. Civ. P. 296.  He did not, however, timely file a notice of
past due findings of fact and conclusions of law, and none were made.  See Tex. R. Civ. P. 297.

 

 








II.  Standard of Review

In a trial to the court where no findings of fact
or conclusions of law are filed, the trial court=s
judgment implies all findings of fact necessary to support it.  Pharo v. Chambers County, 922 S.W.2d
945, 948 (Tex. 1996); In re Estate of Rhea, 257 S.W.3d 787, 790 (Tex.
App.CFort
Worth 2008, no pet.).  Where a reporter=s record
is filed, however, these implied findings are not conclusive, and an appellant
may challenge them by raising both legal and factual sufficiency of the
evidence issues.  BMC Software Belg.,
N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002); Estate of Rhea,
257 S.W.3d at 790.  Where such issues are
raised, the applicable standard of review is the same as that to be applied in
the review of jury findings or a trial court=s
findings of fact.  Roberson v.
Robinson, 768 S.W.2d 280, 281 (Tex. 1989). 
The judgment must be affirmed if it can be upheld on any legal theory
that finds support in the evidence.  Worford
v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); In re Guardianship of
Boatsman, 266 S.W.3d 80, 85 (Tex. App.CFort
Worth 2008, no pet.).

III.  AISD Provided Hinterlong With a Way to Escape
Zero Tolerance Policy








On appeal, Hinterlong raises one issue, arguing
that A[t]he
evidence was factually and legally insufficient to support the District Court=s
implied finding that the school district=s >zero
tolerance= policy is rationally related to
a legitimate state interest.@  Specifically, Hinterlong argues that he was
entitled to school disciplinary procedures that comported with due process
requirements and that AISD=s zero
tolerance policy did not meet those minimum requirements because it subjects to
punishment students who do not knowingly or consciously possess alcohol. 

A constitutional challenge, like the one
Hinterlong raises, can be either a facial challenge or an as applied
challenge.  In a facial challenge, the
challenging party contends that the statute, by its terms, always
operates unconstitutionally.  See Tex.
Workers= Comp. Comm=n v.
Garcia, 893 S.W.2d 504, 518 (Tex. 1995) (citing New York State Club Ass=n v. New
York City, 487 U.S. 1, 11, 108 S. Ct. 2225, 2233 (1988); United States v.
Salerno, 481 U.S. 739, 745, 107 S. Ct. 2095, 2100 (1987)).  An as applied challenge, however, requires
the challenger to demonstrate only that the statute operates unconstitutionally
when applied to the challenger=s
particular circumstances.  Garcia,
893 S.W.2d at 518 n.16.








Although Hinterlong appears to raise both facial
and as applied challenges, to have standing to raise a facial challenge, he
must first demonstrate that the zero tolerance policy as applied to him
operated unconstitutionally.  See
generally Barshop v.Medina County Underground Water Conservation Dist.,
925  S.W.2d  618, 626 (Tex. 1996) (explaining that in
facial constitutional challenge to statute, plaintiff must have suffered some
actual or threatened injury under the statute and must contend that the statute
unconstitutionally restricts the plaintiff=s own
rights); accord Stewart v. State, 39 S.W.3d 230, 233 (Tex. App.CTyler
1999, pet. denied) (stating that when challenging the facial validity of a
statute, generally appellant must not only establish that statute is
impermissibly vague as applied to him but must also successfully demonstrate
that statute is unconstitutionally vague in all of its applications), cert.
denied, 531 U.S. 857 (2000).  Based
on the record before us, as explained in more detail below, Hinterlong has not
demonstrated that AISD=s zero tolerance policy operated
unconstitutionally as applied to him.








School districts= zero
tolerance policies, as a whole, have promoted consistency over rationality.  See generally Christopher D.
Pelliccioni, Note, Is Intent Required? 
Zero Tolerance, Scienter, and the Substantive Due Process Rights of
Students, 53 Case W. Res. L. Rev. 977, 990B91
(2003).  Arguments can be made that
appeals, processes, and procedures provided to a student after application of a
zero tolerance policy are worthless because each appeal, process, or procedure
simply affirms zero tolerance; that is, such procedural due process is
meaningless because no one within the process can circumvent the policy.  Moreover, strict adherence to zero tolerance
policies without consideration of the student=s mens
rea would appear to run afoul of substantive due process notions.  See Seal v. Morgan, 229 F.3d 567, 578
(6th Cir. 2000) (stating that Athe
Board=s Zero
Tolerance Policy would surely be irrational if it subjects to punishment
students who did not knowingly or consciously possess a weapon@).













But here, the facts before the trial court
demonstrated that Hinterlong suffered no deprivation of procedural due process
or substantive due process because there was a way for Hinterlong to obtain
consideration of his mens rea, to present evidence that he lacked knowledge of
the Ozarka water bottle and its contents, and to thereby circumvent continued
application of the zero tolerance policy. 
As noted above, Hinterlong received hearings before the vice principal,
the principal, the administrative appeal panel, and the superintendent.  The superintendent, Dr. Mac Bernd, testified
that he informed Hinterlong that he would overturn the decision of the
administrative appeal panel, thereby returning Hinterlong to Arlington Martin
High School, if Hinterlong would provide one or more pieces of specified evidence,
including an analysis of the substance in question showing that it was not
alcohol, polygraph results from Hinterlong showing that he did not have prior
knowledge of the bottle or of its contents, or testimony from an independent
witness substantiating the allegation that the bottle was Aplanted@ in
Hinterlong=s vehicle.  Hinterlong, his mother, and Dr. Bernd all
testified that Hinterlong did not supply any of the specified items of evidence
that would have allowed Dr. Bernd to overturn the decision of the
administrative appeal panel.  The record
thus demonstrates that no evidence was presented by Hinterlong to escape
application of the zero tolerance policy.[4]  But see Christopher D. Pelliccioni,
Note, Is Intent Required?  Zero
Tolerance, Scienter, and the Substantive Due Process Rights of Students, 53
Case W. Res. L. Rev. at 992 (stating that when superintendent has power to
modify length of expulsion or to uphold principal=s
recommendation for expulsion for calendar year [as opposed to reversing the
expulsion decision], the possible reduction in punishment really only softens
the blow of zero tolerance policies that are unfairly applied in many
circumstances).  Because AISD provided an
escape mechanism in lieu of strict application of the zero tolerance policyCthat is,
Dr. Bernd testified that, if provided with any of the requested evidence, he
would have reversed the expulsion decisionCHinterlong=s as
applied due process challenge must fail. 
Cf. Village of Hoffman Estates, 455 U.S. at 499B500, 102
S. Ct. at 1194 (holding that appellee=s facial
challenge failed because ordinance contained a scienter requirement); Garner
v. Bd. of Pub. Works of City of Los Angeles, 341 U.S. 716, 723B24, 71
S. Ct. 909, 914 (1951) (holding that oath did not deny due process after
assuming that scienter was implicit in each clause of oath).

Having reviewed the record and applied the
appropriate standard of review set forth above, we hold that the trial court
did not err by granting judgment for AISD and against Hinterlong on his due
process claim.  We overrule Hinterlong=s sole
issue.[5]

IV.  Conclusion

Having overruled Hinterlong=s sole
issue, we affirm the trial court=s
judgment.  

 

SUE
WALKER

JUSTICE

 

PANEL:  WALKER, MCCOY, and MEIER, JJ.

 

DELIVERED:  February 11, 2010











[1]See Tex. R. App. P. 47.4.





[2]AISD=s Code of Student Conduct=s zero tolerance policy
has since been amended to require consideration of the student=s intent. 





[3]The other parties
involved in the case were granted summary judgment before trial. 





[4]The escape mechanism
provided by the superintendent makes this case distinguishable from cases in
which strict application of the zero tolerance policy is imposed despite the
offender=s lack of knowledge of
the contraband.  Thus, the issue of
whether a zero tolerance policy that provides no escape mechanism would violate
due process is not before us.





[5]Based on our disposition
of Hinterlong=s sole issue, we need not
address AISD=s argument that the trial
court=s judgment could be
upheld based on the unchallenged implied finding that Hinterlong suffered no
damages.  See Tex. R. App. P.
47.1; see also Williams v. Kaufman County, 352 F.3d 994, 1001 (5th Cir.
2003) (stating well-established law that plaintiffs may recover nominal damages
when their constitutional rights have been violated but they are unable to
prove actual injury).