**John Christopher LO, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 01–11–00020–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 10, 2011.

Rehearing Overruled Oct. 1, 2012.

Discretionary Review Granted Jan. 30, 2013.

Mark W. Bennett, Bennett & Bennett, Houston, TX, for Appellant.

Jessica Akins, Assistant District Attorney, Patricia R. Lykos, Harris County District Attorney, Houston, TX, for State.

Panel consists of Justices JENNINGS, SHARP, and BROWN.

## OPINION

TERRY JENNINGS, Justice.

Appellant, John Christopher Lo, challenges the order of the trial court denying him the relief that he requested in his application for writ of habeas corpus. In

three points of error, appellant contends that the Texas Penal Code provision prohibiting the online solicitation of a minor [1] is overbroad and vague and, thus, facially invalid, and violates the Dormant Commerce Clause.[2]

We affirm.

## Background

A Harris County Grand Jury has issued a true bill of indictment, accusing appellant of the felony offense of online solicitation of a minor and alleging that on October 31, 2009, he, "unlawfully with the intent to arouse and gratify [his] sexual desire ..., intentionally communicate[d] in a sexually explicit manner with F.B., an individual whom [appellant] believed to be younger than 17 years of age, by text message and that [appellant] was at that time more than 17 years of age." [3]

In response, appellant filed a pretrial application for writ of habeas corpus and motion to quash the indictment, asserting that the Texas Penal Code's prohibition of such communications is "unconstitutional on its face under the First Amendment as it is a content based restriction that severely criminalizes a substantial amount of harmless speech between adults that is protected under the First Amendment" and it is "not narrowly tailored to promote a compelling state interest as it prohibits a substantial amount of protected speech that is unnecessary to the protection of children." Appellant also argued that the language used in the Penal Code's prohibition is "unconstitutionally vague under the First Amendment because it works to encompass a vast array of communications and will chill the exercise of free speech." Appellant further argued that the Penal Code's prohibition violates the Dormant Commerce Clause "because it unduly burdens interstate commerce by attempting to place regulations on the entirety of the Internet."

In its response to appellant's application, the State, in regard to appellant's overbreadth challenge, asserted that "the legitimate goal" of the Penal Code's prohibition far exceeds any potential unlawful applications," the "prevention of sexual exploitation and abuse of children ... constitutes a government objective of surpassing importance," and appellant had not shown that the "overbreadth of the online solicitation statute [is] substantial." The State, in regard to appellant's vagueness challenge, asserted that the statute "contemplates a person directing his conduct toward a specific individual" and the statute "is very specific." Finally, in regard to appellant's Dormant Commerce Clause argument, the State asserted that the statute is "narrowed by the intent element and the requirement that the defendant believe a specific person is a minor." The State also noted that "any burden on interstate commerce is incidental, at best." The trial court denied appellant the relief that he requested in his application and refused to dismiss the criminal charge against him.

## Standard of Review

▮▮▮ We review the constitutionality of a criminal statute de novo as a question of law. *Maloney v. State,* 294 S.W.3d 613, 626 (Tex.App.-Houston [1st Dist.] 2009, pet. ref'd). When presented with a challenge to the constitutionality of a statute, we presume that the statute is valid and the legislature has not acted unreasonably or arbitrarily. *Rodriguez v. State,* 93 S.W.3d 60, 69 (Tex.Crim.App.2002). The

---

**1.** *See* TEX PENAL CODE ANN. § 33.021(b) (Vernon Supp. 2011).

**2.** U.S. CONST., art. I, § 8, cl. 3.

**3.** *See* TEX. PENAL CODE ANN. § 33.021(b).

party challenging the statute carries the burden to establish its unconstitutionality. *Id.* We must uphold the statute if we can apply a reasonable construction that will render it constitutional. *Ely v. State,* 582 S.W.2d 416, 419 (Tex.Crim.App. [Panel Op.] 1979); *see also Maloney,* 294 S.W.3d at 626 (stating that if statute can be interpreted in two different ways, one of which sustains its validity, we apply interpretation that sustains its validity). When an appellant challenges a statute as both unconstitutionally overbroad and vague, we address the overbreadth challenge first. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494–95, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982); *Maloney,* 294 S.W.3d at 626.

## Constitutional Challenges

In his three points of error, appellant argues that the trial court erred in denying him the relief that he requested in his application and in not dismissing the criminal case against him because the language of Texas Penal Code section 33.021, which prohibits the "[o]nline solicitation of a minor," is overbroad and vague and, thus, facially invalid, and violates the Dormant Commerce Clause. *See* TEXAS PENAL CODE ANN. § 33.021 (Vernon 2011).

 We note that the State "questions whether this complaint should have been brought up on direct appeal, rather than a pretrial application of writ of habeas corpus." However, a party may file a pretrial application for writ of habeas corpus to assert a facial challenge to the constitutionality of a statute. *See Ex Parte Ellis,* 309 S.W.3d 71, 79 (Tex.Crim.App.2010).

Section 33.021(b) provides,

A person who is 17 years of age or older commits an offense if, with the intent to arouse or gratify the sexual desire of any person, the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, intentionally:

(1) communicates in a sexually explicit manner with a minor; or

(2) distributes sexually explicit material to a minor.

TEX. PENAL CODE ANN. § 33.021(b). "Minor" is defined to mean "an individual who represents himself or herself to be younger than 17 years of age" or "an individual whom the actor believes to be younger than 17 years of age." [4] *Id.* § 33.021(a)(1). "Sexually explicit" is defined to mean "any communication, language, or material, including a photographic or video image, that relates to or describes sexual conduct, as defined by Section 43.25." *Id.* § 33.021(a)(3). "Sexual conduct" is defined to mean "sexual contact, actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals, the anus, or any portion of the female breast below the top of the areola." *Id.* § 43.25 (Vernon Supp. 2011).

### *Overbreadth Challenge*

In his first point of error, appellant argues that section 33.021(b) is unconstitutionally overbroad in violation of the First Amendment because "simple profanity or vulgarity—not rising to the level of obscenity—is constitutionally protected speech," the government may not lawfully prohibit the "sexually explicit communications that are criminalized" by the statute,

---

4. It is a defense to prosecution under section 33.021(b) that, at the time criminal conduct was committed, the "actor was married to the minor" or "was not more than three years older than the minor and the minor consented to the conduct." *Id.* § 33.021(e).

the statute "prohibits non-obscene communications by adults," and the statute is not "narrowly tailored." Appellant asserts that the "scope of the speech encompassed by the statute is staggering" and that the breadth of the statute creates the potential for abuse. Appellant also asserts that the statute could be applied in a multitude of situations because the term "sexually explicit" is broadly defined, the statute is "not limited to personal conversations," and the statutory "intent to arouse" could simply be inferred "in many cases."

A statute is facially invalid for overbreadth if it prohibits a substantial amount of protected speech. *U.S. v. Williams*, 553 U.S. 285, 292 128 S.Ct. 1830, 1838, 170 L.Ed.2d 650 (2008); *see also Scott v. State*, 322 S.W.3d 662, 665 (Tex.Crim.App.2010) ("A statute may be challenged as overbroad, in violation of the Free Speech Clause of the First Amendment, if, in addition to proscribing activity that may be constitutionally forbidden, it sweeps within its coverage a substantial amount of expressive activity that is protected by the First Amendment."). The overbreadth doctrine "seeks to strike a balance between competing social costs." *Williams*, 553 U.S. at 292, 128 S.Ct. at 1838. "On the one hand, the threat of enforcement of an overbroad law deters people from engaging in constitutionally protected speech, inhibiting the free exchange of ideas," while on the other, "invalidating a law that in some of its applications is perfectly constitutional—particularly a law directed at conduct so antisocial that it has been made criminal—has obvious harmful effects." *Id.* To maintain the appropriate balance, courts have required that "a statute's overbreadth be *substantial,* not only in an absolute sense, but also relative to the statute's plainly legitimate sweep." *Id.; see also U.S. v. Stevens*, 559 U.S. 460, ——,

130 S.Ct. 1577, 1587, 176 L.Ed.2d 435 (2010) (stating that law may be invalidated as overbroad if "a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep") (citations omitted). "Invalidation for overbreadth is strong medicine that is not to be casually employed." *Williams*, 553 U.S. at 292, 128 S.Ct. at 1838 (citations omitted). Accordingly, we will not invalidate a statute for overbreadth merely because it is possible to imagine some unconstitutional application. *In re Shaw*, 204 S.W.3d 9, 15 (Tex. App.-Texarkana 2006, pet. ref'd); *see also Maloney*, 294 S.W.3d at 626.

The first step in considering an overbreadth challenge "is to construe the challenged statute; it is impossible to determine whether a statute reaches too far without first knowing what the statute covers." *Williams*, 553 U.S. at 293, 128 S.Ct. at 1838. Section 33.021(b) criminalizes the conduct of an adult, seventeen years of age or older, who, with the intent of arousing or gratifying the sexual desire of any person, uses an electronic message or online service to intentionally communicate in a sexually explicit manner with a minor or distribute sexually explicit material to a minor.

Section 33.021(b) includes a scienter requirement that applies to each element of the offense. First, and most importantly, to commit an offense, the adult must have the intent to arouse or gratify a sexual desire. This includes, as illustrated in this case, the sexual desire of the adult directing the sexually explicit communication or material to the minor. This element narrows the statute to target only those who engage in sexually explicit communications with minors or who distribute sexually explicit materials to minors with the specific intent of arousing or gratifying a sexual

desire.[5] *See Vasquez v. State*, No. 05–06–00486–CR, 2007 WL 1054146, at *3 (Tex. App.-Dallas 2007, pet. ref'd) (mem. op.) (affirming constitutionality of statute criminalizing "improper photography or visual recording" that required specific intent to arouse or gratify sexual desire of any person; concluding that plain language of statute narrowed prescribed conduct); *State v. Calvo*, No. 08–05–00002–CR, 2006 WL 2634733, at *2–3 (Tex.App.-El Paso 2006, pet. ref'd) (noting that statute criminalizing improper photography or visual recording "proscribes only that conduct which is done with the requisite intent to arouse and gratify the sexual desire of any person and without the complainant's consent").

Second, the adult must intentionally communicate in a sexually explicit manner with a minor or distribute sexually explicit material to a minor. This scienter element of intent, as we interpret the statute, applies both to (1) the actor's intent to engage in sexually explicit communication or distribute sexually explicit material and (2) the actor's conduct toward the minor who is receiving the communications or materials. *See Williams*, 553 U.S. at 294, 128 S.Ct. at 1839 (affirming constitutionality of statute criminalizing promotion of child pornography and concluding that "best reading" of statute applied scienter requirement "to every element" of offense); *State v. Stone*, 137 S.W.3d 167, 181–82 (Tex.App.-Houston [1st Dist.] 2004, pet. ref'd) (affirming constitutionality of statute criminalizing display of "harmful material" to minor and noting that statute contained scienter requirements "with respect to

both the type of material displayed and the person to whom it is displayed).

Additionally, section 33.021(b) applies only to sexually explicit communications or materials, and "sexually explicit" is defined as relating to or describing "sexual conduct," which is then further defined as "sexual contact, actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals, the anus, or any portion of the female breast below the top of the areola." *Id.* § 43.25. We recognize that this definition differs from the definition of the term "harmful material" that we previously considered in reviewing the constitutionality of the statute criminalizing the sale, distribution, or display of harmful material to a minor. *See Stone*, 137 S.W.3d at 181–82. As we noted in *Stone*, the definition of "harmful material" in the Penal Code is consistent with the constitutional standard for obscenity that, as modified for juveniles, has been established by the United States Supreme Court. *See id.* at 181; *see also* TEX. PENAL CODE ANN. § 43.24 (Vernon 2011) (defining "harmful material" as that which "appeals to the prurient interest of a minor, in sex, nudity, or excretion," "is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable for minors," and "is utterly without redeeming social value for minors"); *Ginsberg v. New York*, 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968) (affirming constitutionality of statute that prohibited sale to minors of sexual material deemed harmful to minors that would be obscene from the perspec-

---

**5.** We note that the language requiring the specific intent of arousing or gratifying a sexual desire is consistent with the criminal offense of indecency with a child. *See* TEX. PENAL CODE ANN. § 21.11(a) (emphasis added) (providing that person commits offense of indecency with child if person, *"with intent to* *arouse or gratify the sexual desire of any person:* (A) exposes the person's anus or any part of the person's genitals, knowing the child is present; or (B) causes the child to expose the child's anus or any part of the child's genitals.").

tive of minors).[6] Although the definition of the term "sexually explicit" is not identical to that for "harmful material," the definition is generally consistent with definitions of "sexually explicit conduct" and "sexual conduct" that have been used in statutes criminalizing the promotion or possession of child pornography, and these statutes have been held to be constitutional. *See Williams*, 553 U.S. at 296, 128 S.Ct. at 1840; *see also New York v. Ferber*, 458 U.S. 747, 751, 102 S.Ct. 3348, 3351, 73 L.Ed.2d 1113 (1982) (reviewing constitutionality of statute that criminalized promotion of sexual performance by child and that defined "sexual conduct" as "actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals"). These cases support the State's assertion that the Penal Code's definition of "sexually explicit," as used in section 33.021, does not render the statute overbroad.

No court in our state has yet addressed an overbreadth challenge to subsection (b) of section 33.021. However, this Court has considered, and affirmed, the constitutionality of subsections (c) and (d) of section 33.021. *Maloney*, 294 S.W.3d at 628. Subsection (c) provides,

(c) A person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual

intercourse, or deviate sexual intercourse with the actor or another person.

TEX. PENAL CODE ANN. § 33.021(c). Subsection (d) provides,

(d) It is not a defense to prosecution under Subsection (c) that:

(1) the meeting did not occur;

(2) the actor did not intend for the meeting to occur; or

(3) the actor was engaged in a fantasy at the time of commission of the offense.

*Id.* § 33.021(d).

In *Maloney*, the defendant argued that the statute is overly broad because it prohibits a person from "engaging in the lawful activity of fantasy" and "impermissibly restrict[ed] a person's freedom of expression and thought." *Id.* at 626–27. We concluded that "the legitimate goal of the statute far exceeds any potential unlawful application," and noted that the "prevention of sexual exploitation and abuse of children addressed by the Texas online solicitation of a minor statute constitutes a government objective of surpassing importance." *Id.* at 628. We also concluded that any possibility of prosecution of "consenting adults engaging in role-playing would amount to any more than a 'tiny fraction' of all prosecutions under the statute." *Id.* (citing *Ferber*, 458 U.S. at 773, 102 S.Ct. at 3363; *Shaw*, 204 S.W.3d at 15). Accordingly, we held that any overbreadth of section 33.021 was not substantial when judged in relation to its plainly legitimate sweep, and, thus, "section

**6.** The statute in *Ginsberg* defined "harmful to minors" as the "quality of any description or representation, in whatever form, of nudity, sexual conduct, sexual excitement, or sado-masochistic abuse, when it: (i) predominantly appeals to the prurient, shameful or morbid interest of minors, and (ii) is patently offen-sive to prevailing standards in the adult community as a whole with respect to what is suitable material for minors, and (iii) is utterly without redeeming social importance for minors." *Ginsberg v. New York*, 390 U.S. 629, 645–46, 88 S.Ct. 1274, 1284, 20 L.Ed.2d 195 (1968).

33.021[was] not unconstitutionally overbroad."

Other courts have also considered, and rejected, similar facial challenges to Penal Code provisions that involve some of the same issues as the instant case. In *Vasquez*, the Dallas Court of Appeals considered an overbreadth challenge to a Penal Code provision criminalizing improper photography or visual recording. 2007 WL 1054146, at *3. The statute in that case, which contains some similar elements to the online-solicitation statute, provides,

A person commits an offense if the person:

(1) photographs or by videotape or other electronic means records, broadcasts, or transmits a visual image of another at a location that is not a bathroom or private dressing room:

(A) without the other person's consent; and

(B) with intent to arouse or gratify the sexual desire of any person[.]

TEX. PENAL CODE ANN. § 21.15(b). The defendant in *Vasquez* argued that the statute is unconstitutionally overbroad because it embraces "a substantial amount of protected activity and expression." *Vasquez*, 2007 WL 1054146, at *3. In support of his argument, he asserted that the "commonness of cameras and videocameras" and the application of the statute to conduct in a public forum results in reaching "a substantial amount of potentially protected conduct." *Id.* The court disagreed, noting that the defendant's examples of protected conduct "merely reflect[ed] instances where it is possible to imagine some unconstitutional applications" of the statute. *Id.* Focusing on the narrowing elements of the statute, the court concluded that it did not reach "a substantial amount of protected conduct." *Id.*

In *Shaw*, the Texarkana Court of Appeals considered an overbreadth challenge to section 21.12 of the Penal Code, which prohibits sexual contact or relations between employees of primary or secondary schools and students. 204 S.W.3d at 14–15. In *Shaw*, the defendant asserted that the statute is overbroad because it applies to all school employees and students regardless of age and, as such, it infringed on her "liberty interest to engage in private sexual conduct between consenting adults." *Id.* The court, noting that the record contained no data about "what percentage of secondary school students affected by this statute are adults" and there was no evidence demonstrating that the statute reached "a substantial amount of constitutionally protected conduct," held that the statute was not overly broad "when judged in relation to the statute's plainly legitimate sweep." *Id.*

Here, as in *Maloney*, we conclude that the legitimate goal of section 33.021, including subsection (b), far exceeds any potential unlawful applications of the statute. The prevention of sexual exploitation of children, which is addressed by the entirety of this statute, is of "surpassing importance." 294 S.W.3d at 628. Moreover, there is no evidence in the record before us that the statute reaches "a substantial amount of constitutionally protected conduct." Appellant cites as an example of protected conduct to which he believes this statute could reach, a situation in which a father jokingly forwards "a photo of a topless woman and a message" to his sixteen year old son saying, "Hope this brightens your day!'" He also cites as an example a person posting such a photo in a large Internet forum, such as Facebook, that may reach a minor. However, these examples merely reveal that it is possible to imagine some potentially overbroad applications of the statute. *See Williams*, 553 U.S. at 303, 128 S.Ct. at 1844. These hypothetical

scenarios do not render the statute over-broad. Moreover, the scope of the statute is narrowed by the statutory requirement that the defendant must have (1) the intent to sexually arouse or gratify a person (here, the adult himself), (2) the intent to furnish sexually explicit communications and materials, and (3) the intent to direct those communications or materials to a minor. Accordingly, we hold that section 33.021(b) is not facially invalid for overbreadth.

We overrule appellant's first point of error.

### Vagueness Challenge

 In his second point of error, appellant argues that section 33.021(b) is unconstitutionally vague in violation of the First Amendment because the definition of "sexually explicit" is "highly problematic" and "makes no sense." Appellant notes that the Texas Legislature has incorporated within the definition of "sexually explicit" the term "sexual conduct" as used in section 43.25 of the Penal Code. He asserts that a prohibited communication could include "anything from the word 'breast' to a picture of a swimsuit" or a commercial advertisement for jeans. Appellant further asserts that the "intent to arouse" element creates no real limit to the statute and "the danger of arbitrary enforcement is real" because Texas law permits a jury to infer intent from the circumstances.

 In the First Amendment context, a party may make a facial challenge to a statute that is based upon vagueness, contending that it is unclear whether the statute regulates a substantial amount of protected speech. *Williams*, 553 U.S. at 304, 128 S.Ct. at 1845; *see also State v. Holcombe*, 187 S.W.3d 496, 499 (Tex.Crim. App.2006) (stating that vagueness doctrine requires that penal statute define offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in manner that does not permit arbitrary and discriminatory enforcement). However, "perfect clarity and precise guidance have never been required even of regulations that restrict expressive activity." *Williams*, 553 U.S. at 304, 128 S.Ct. at 1845. "The mere fact that close cases can be envisioned" does not render a statute vague. *Id.* "What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is." *Id.* at 306, 128 S.Ct. at 1846.

Here, section 33.021 defines "sexually explicit" communications and, materials, and although the statute does not tie the definition of the term "sexually explicit" directly to the definition of "obscenity" as used in the Texas Penal Code or the variant definition of "obscenity for minors" that has been approved by the United States Supreme Court, the statute does use language that is both closely related to these definitions and that has been approved in cases in similar contexts. *See Williams*, 553 U.S. at 296, 128 S.Ct. at 1840; *see also Ferber*, 458 U.S. at 751, 765, 102 S.Ct. at 3351, 3359; *Ginsberg*, 390 U.S. at 645–46, 88 S.Ct. at 1284; *Stone*, 137 S.W.3d at 180–81. Section 33.021 also requires that a defendant intentionally make sexually explicit communications or distribute sexually explicit materials to a minor with the intent to arouse or gratify the sexual desire of any person, including the defendant.

We conclude that section 33.021(b) is sufficiently clear to provide adequate notice of what conduct constitutes a criminal offense. *See Maloney*, 294 S.W.3d at 629. Accordingly, we hold that section 33.021(b) is not facially invalid for vagueness.

We overrule appellant's second point of error.

***Dormant Commerce Clause Challenge***

In his third point of error, appellant argues that section 33.021(b) violates the Dormant Commerce Clause because it "unduly burdens interstate commerce by attempting to place regulations on the entirety of the Internet." Appellant relies, in part, upon the following passage from *American Libraries Ass'n v. Pataki:*

> [T]he Internet is one of those areas of commerce that must be marked off as a national preserve to protect users from inconsistent legislation that, taken to its most extreme, could paralyze development of the Internet altogether. Thus, the Commerce Clause ordains that only Congress can legislate in this area, subject, of course, to whatever limitations other provisions of the Constitution (such as the First Amendment) may require.

969 F.Supp. 160, 169 (S.D.N.Y.1997). Appellant complains that "Texas's attempt to regulate online speech has the effect of restricting protected speech around the country and even the globe."

However, the Commerce Clause does not preclude states from enacting statutes that, like the one at issue here, criminalize the online solicitation of minors. Multiple courts from other states have considered, and rejected, complaints nearly identical to appellant's Commerce Clause argument in this case. *See State v. Colosimo,* 122 Nev. 950, 142 P.3d 352, 356 (2006); *People v. Foley,* 94 N.Y.2d 668, 709 N.Y.S.2d 467, 477, 731 N.E.2d 123, 133 (2000); *State v. Snyder,* 155 Ohio App.3d 453, 467, 801 N.E.2d 876, 887 (2003); *Hatch v. Superior Court,* 80 Cal.App.4th 170, 94 Cal.Rptr.2d 453 (Cal.App.4th Dist. 2000). As noted above, section 33.021(b) criminalizes the conduct of an adult who, with the specific intent of arousing or grat-

ifying a sexual desire, and with the use of electronic messaging or online services, intentionally communicates in a sexually explicit manner with a minor or distributes sexually explicit material to a minor. *Id.* § 33.021(b). The statute includes a scienter requirement for each element of the offense. It is clearly targeted at criminalizing the conduct of adults who engage in sexually explicit communications or distribute sexually explicit material to minors for gratifying a sexual desire. "It is difficult to conceive of any legitimate commerce that would be burdened by penalizing" the conduct targeted by Texas' online solicitation of a minor statute. *Colosimo,* 142 P.3d at 357. Accordingly, we hold that the statute does not violate the Commerce Clause.

We overrule appellant's third point of error.

## Conclusion

We affirm the order of the trial court.