**AFFIRM; and Opinion Filed September 10, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-12-00923-CR**

**COREY THOMAS FREEMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-80780-2011**

## OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Evans

Corey Thomas Freeman waived his right to a jury trial and was convicted by the trial court of online solicitation of a minor. In three points of error on appeal, he challenges the constitutionality of the online solicitation of a minor statute and claims the trial court erred in overruling his motion to suppress. We affirm the trial court's judgment.

### I. FACTUAL BACKGROUND

Evidence adduced at appellant's trial showed appellant communicated in an internet chat room with a person identified by the screen name of "brook_chick13," who stated in communications to appellant that she was a thirteen-year-old girl. Their conversations, over the span of several months, gradually escalated in sexual explicitness. During the correspondence, appellant mentioned wanting to take the girl's clothes off, kissing her, pulling off her pants and

licking her, and "sliding into" her—all the while being reminded by her that she was only thirteen years old. In actuality, appellant was communicating with a male police officer.

The officer sent appellant a few photographs of the "fictitious Brook." At trial, the officer explained that he used photographs of a small, young-looking detention officer and that none of the photographs was sexually explicit. After taking appellant into custody and advising him of his *Miranda* rights, the officer questioned appellant about his online conversations with "Brook." Appellant "couldn't explain why he was chatting with a 13-year old." When asked if he recalled appellant "ever saying that he didn't really believe it was a 13-year-old," the officer stated that he did not recall such a statement. Appellant told the officer that he does chat with minors "but when he discovers they're a minor he stops the chat." Under cross-examination, the officer opined that a person would violate the law if he solicited a person who originally told him she was fifteen years old and then later said she was actually twenty-five years old, or vice versa. He further stated it was possible to charge a person with online solicitation of a minor after having represented to the person that the solicited minor was around thirteen years old but providing the person with a photograph of a twenty-five-year-old woman. Appellant did not testify in his defense.

## II. CONSTITUTIONALITY OF ONLINE SOLICITATION OF A MINOR STATUTE

In his initial argument under his first two points of error,[1] appellant challenges on its face one theory of criminal liability in the online solicitation of a minor statute, claiming it violates the Texas and United States Constitutions because it makes sexually explicit communications with a recipient who represents himself or herself to be under seventeen years old a strict liability offense. He claims this deprives him of a mistake-of-fact defense.

---

[1] We consider the substance of appellant's arguments, not what he labeled them. Thus, in his first two points of error we discern two challenges to the constitutionality of Texas's online solicitation of a minor statute: substantive due process and overbreadth in violation of the First Amendment.

The Texas Legislature has defined the elements of online solicitation of a minor, in relevant part, as follows:

> A person who is 17 years of age or older commits an offense if, with the intent to arouse or gratify the sexual desire of any person, the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, intentionally:
>
> (1) Communicates in a sexually explicit manner with a minor….

TEX. PENAL CODE ANN. § 33.021(b) (West 2011). "Sexually explicit" is defined in the statute as "any communication, language, or material, including a photographic or video image," that pertains to or describes "sexual conduct." *Id*. § 33.021(a)(3); *see also id*. § 43.25(a)(2) (defining "sexual conduct").

The definition of "minor" is the source of appellant's constitutional challenge. "Minor" is defined in the statute as,

> (A) an individual who represents himself or herself to be younger than 17 years of age; *or*
>
> (B) an individual whom the actor believes to be younger than 17 years of age.

*Id*. § 33.021(a)(1) (emphasis added). In statutes, "or" separates words or phrases in an alternate relationship, signifying that either of the separated words or phrases may be employed without the other. *Jones v. State*, 175 S.W.3d 927, 932-33 (Tex. App.—Dallas 2005, no pet.).[2]

---

[2] The State relies on *Lo v. State*, 393 S.W.3d 290, 293 (Tex. App.—Houston [1st Dist.] 2011, pet. granted), to argue that the statute is not a strict liability statute because it has a scienter element that requires proof of "intent to direct the communications or materials to a minor." *Id.* at 298. Neither the State's argument nor the *Lo* opinion explains whether they intend in their use of the term "minor" both alternatives in the statutory definition of "minor." Thus, neither the State's argument nor the *Lo* opinion explains whether the sender of sexually explicit material can be convicted only on evidence that the recipient represented that he or she was younger than seventeen, or whether a conviction requires additional proof that the sender believed (or knew) the recipient was younger than seventeen. Lastly, the court in *Lo* addressed different challenges to the constitutionality of the online solicitation of a minor statute, not appellant's claims concerning the definition of "minor" in section 33.021(a)(1)(A) that we must address here. *Id.* at 293-99 (challenging statute based on overbreadth, vagueness and Dormant Commerce Clause). Accordingly, we cannot determine whether either the State or the *Lo* opinion addresses appellant's interpretation of the statute when stating that it is not a strict liability statute.

Appellant does not challenge the constitutionality of section 33.021(a)(1)(B), which requires the sender of the sexually explicit material to believe the recipient is younger than seventeen years old. Appellant challenges only the constitutionality of section 33.021(a)(1)(A), which requires proof that the recipient "represent[ed] himself or herself to be younger than 17 years of age" together with the other elements of the offense but does not require—as section 33.021(a)(1)(B) does—proof that "the actor believe[d the recipient] to be younger than 17 years of age." Appellant claims the absence of requiring proof of an accused's belief about the age of the recipient makes the statute a strict liability offense as to section 33.021(a)(1)(A). We will not assume with appellant that section 33.021(a)(1)(A) is properly characterized as a strict liability offense. *See Lo*, 393 S.W.3d at 294 ("Section 33.021(b) includes scienter requirement that applies to each *element* of the offense" including intent to transmit sexually explicit material to minor). But we will assume for the purposes of analyzing appellant's constitutional challenges that the sub-element of the offense in section 33.021(a)(1)(A) requires the State to prove only that the recipient of sexually explicit communications represented to the sender that the recipient was younger than seventeen and that a mistake of fact about the age of the recipient is not a defense to section 33.021(a)(1)(A).

## A. Texas's Online Solicitation of a Minor Statute Does Not Violate on its Face the Right to Due Process or Due Course of Law

Central to each constitutional challenge appellant makes is his contention that section 33.021(a)(1)(A) criminalizes sexually explicit communication to a recipient who represents the recipient is younger than seventeen years old, whether or not the sender actually believes the recipient is younger than seventeen years old. Appellant complains that aspect of Texas's online solicitation of a minor statute violates the rights to due course of law under the Texas Constitution and due process under the federal constitution.

–4–

Appellant did not argue or brief at trial or on appeal that the due course of law provision in the Texas Constitution offers more protection than the Fifth and Fourteenth Amendments, so we will evaluate his claims under the Due Process Clause only. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). In his argument under the United States Constitution, appellant asserts that his due process rights were violated because the State did not have to prove beyond a reasonable doubt that he had a culpable mental state concerning the victim's age. He claims the absence of that requirement deprived him of a mistake of fact defense, thus infringing on his due process rights.

Appellant's burden in making a facial challenge to the statute is to prove the statute operates unconstitutionally in every application and could never be constitutionally applied to any defendant under any set of facts or circumstances. *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013). For that reason, a "facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid." *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992).

We presume that statutes are valid and that the legislature has not acted unreasonably or arbitrarily. *Ex parte Morales*, 212 S.W.3d 483, 489 (Tex. Crim. App. 2006). The person challenging the statute bears the burden of establishing its unconstitutionality. *Id.* We will uphold a statute if we can determine a reasonable construction that will both render it constitutional and carry out the legislative intent behind the statute. *Id*.

Substantive due process generally protects against the arbitrary exercise of governmental powers, unrestrained by established principles of private rights. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998). The substantive component of the Due Process Clause provides heightened protection against government interference with fundamental rights or

liberty interests. *See Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). The legislature has the authority "to exclude elements of knowledge and diligence from [an offense's] definition." *Lambert v. California*, 355 U.S. 225, 228 (1957). A party's substantive due process rights are not violated by a statute as long as any rational basis exists for the challenged action. *See Williamson v. Lee Optical of Okla.*, 348 U.S. 483, 488 (1955); *Sullivan v. State*, 986 S.W.2d 708, 714 (Tex. App.—Dallas 1999, no pet.). When no fundamental right or liberty interest is involved, the State need only show a rational basis for its actions to survive a substantive due process challenge. *See Flores v. State*, 904 S.W.2d 129, 130 (Tex. Crim. App. 1995); *Sullivan*, 986 S.W.2d at 714.

Appellant's brief seems to assert that his claims are entitled to the strict scrutiny applied to infringement of a fundamental right. He states that freedom of speech is a fundamental right, therefore this Court should apply a heightened standard of review in the substantive due process analysis. But appellant's sole argument about infringement of his right to speech is that the statute is overly broad. An overbreadth attack on a criminal statute is recognized only as a First Amendment challenge. *United States v. Salerno*, 481 U.S. 739, 746 (1987); *Schall v. Martin*, 467 U.S. 253, 268 n.18 (1984). Accordingly, we consider appellant's overbreadth challenge in the next section of this opinion and here determine that appellant did not make any argument for application of a higher standard of review than the rational relationship test.

The legislature has a legitimate interest in protecting all children from sexual predators, *see Sullivan*, 986 S.W.2d at 715, and the statute does so by allowing for the prosecution of those who solicit someone whom they believe to be a child or someone who represents themself to be a child. Courts have recognized that strict liability offenses that protect the health and safety of children satisfy substantive due process as rationally related to the government's legitimate interest. *See United States v. Ransom*, 942 F.2d 775, 776–77 (10th Cir. 1991) (holding absence

of mens rea element of the victim's age in a federal statutory rape statute did not violate appellant's due process rights because it protected the health and safety of children); *Scott v. State*, 36 S.W.3d 240, 241 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) (holding absence of requirement that actor know victim's age in sexual assault statute did not violate Scott's due process rights).

Furthermore the definition of "minor" in section 33.021(a)(1)(A) provides an accused some inherent protection through its statutory requirement of communication between the recipient and the accused of the constitutionally critical information: the recipient's age. While invalidating a child pornography statute, the United States Supreme Court specifically recognized an exception to the presumption of the requirement of mens rea to comply with substantive due process where there is communication between the accused and the minor:

> [T]he presumption [of mens rea] expressly excepted "sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached the age of consent" . . . . [because] *the perpetrator confronts the underage victim personally and may reasonably be required to ascertain that victim's age*. The opportunity for reasonable mistake as to age increases significantly once the victim is reduced to a visual depiction, unavailable for questioning by the distributor or receiver [of child pornography].

*United States v. X–Citement Video, Inc.*, 513 U.S. 64, 72 n.2 (1994) (emphasis added) (quoting *Morissette v. United States*, 342 U.S. 246, 251 n.8 (1952)). In the Texas statute under consideration, the legislature imbedded in the definition of "minor" the requirement that the recipient communicate to the accused sender the recipient's age. *See* TEX. PENAL CODE ANN. § 33.021(a)(1)(A). Further, in an online solicitation scenario the recipient is available for continued questioning by the sender as the sender attempts to groom the recipient for a sexual encounter. A defendant cannot fall within the scope of the statute without having received from the recipient the constitutionally critical information that the recipient is younger than seventeen years old. Thus, Texas's online solicitation of a minor statute aligns with the majority rule in the

United States that in certain sex crimes against minors the defendant's knowledge of the age of the victim is not an essential element of the offense and that this exclusion does not violate due process. *See Scott*, 36 S.W.3d at 242 (compilation of federal and state opinions regarding statutory rape).

For these reasons, we conclude that Texas's online solicitation of a minor statute does not violate the substantive due process clauses of the Fifth and Fourteenth Amendments when the evidence that the person solicited was a "minor" is that the recipient represented himself or herself to be younger than seventeen years old (section 33.021(a)(1)(A)) even absent a showing that the sender believed the recipient was younger than seventeen years old (section 33.021(a)(1)(B)). Appellant had the burden to prove the statute operates unconstitutionally in every application and could never be constitutionally applied to any defendant under any set of facts or circumstances. *Rosseau*, 396 S.W.3d at 557. In appellant's own case, appellant solicited sexual contact from a person who told him she was thirteen years old, and appellant never asserted he had reason to believe he was communicating with an adult instead. Appellant neglected to challenge every application of the statute and could not demonstrate the unconstitutionality of the only application he did challenge. He has therefore failed to meet his burden in proving the statute violated substantive due process on its face. We overrule appellant's first argument under his first and second points of error.

### B. Texas's Online Solicitation of a Minor Statute is not Overly Broad in Violation of the First Amendment

Appellant also challenges Texas's online solicitation of a minor statute as interfering with the fundamental right to freedom of speech by being overly broad.[3] Although his argument is

---

[3] In an unspecified connection with his complaint about overbreadth, appellant mentions once (each) that the statute is vague, arbitrary, and violates the right to privacy. Appellant provides no argument, citation to the record, or citation to any supporting authority regarding any of these matters. Failure to cite applicable authority or provide

sparse at best, he appears to argue the statute is overbroad because it criminalizes conduct even if the actor was mistaken about whether the recipient of his sexually explicit material was younger than seventeen years old. Consequently, he argues, it deprives defendants of the defense of mistake of fact if the recipient was actually seventeen years old or older and criminalizes conduct constituting protected speech among consenting adults.

A statute is impermissibly overbroad if it includes within its coverage speech or conduct protected by the First Amendment in addition to properly prohibiting activities that are not protected. *Bynum v. State*, 767 S.W.2d 769, 772 (Tex. Crim. App. 1989); *see also Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 (1982). We hesitate to strike down a statute on its face because of the far-reaching effect, so we do so only "as a last resort." *New York v. Ferber*, 458 U.S. 747, 769 (1982). We will not invalidate a statute for overbreadth merely because it is possible to imagine some unconstitutional application. *In re Shaw*, 204 S.W.3d 9, 15 (Tex. App.—Texarkana 2006, pet. ref'd) (citing *Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 800 (1984)). The United States Supreme Court requires substantial overbreath before invalidating on its face a statute regulating conduct. *Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973). The Supreme Court has recognized that, particularly when conduct and not merely speech is involved, the overbreadth of a statute must "not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Id*. It is at the point of substantial overbreadth that the quantity of protected speech and conduct within the statute— "at best a prediction"—justifies invalidating a statute on its face. *Id*.

Applying this substantial overbreadth test to cases involving the sexual exploitation of children, the Supreme Court compared the scope of protected First Amendment material reached

---

substantive analysis waives an issue on appeal and we decline to make appellant's arguments for him. *See* TEX. R. APP. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878, 896 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 2712 (2012).

by a statute to the legitimate scope of the statute. Thus in *Ferber*, the Supreme Court upheld a child pornography statute, dismissing the concerns about pictures used in medical textbooks as amounting to no more than a tiny fraction of materials within the statute's scope. *Ferber*, 458 U.S. at 773-74. The court explained it was a "paradigmatic case of a state statute whose legitimate reach dwarfs its arguably impermissible applications" and that "whatever overbreadth exists should be cured by thorough case-by-case analysis of the fact situations to which its sanctions . . . may not be applied." *Id*.

Preventing sexual exploitation and abuse of children "constitutes a government objective of surpassing importance." *Id*. at 757. The legislature has a legitimate purpose in protecting all children from sexual predators, *see Sullivan*, 986 S.W.2d at 715, and the online solicitation of a minor statute in this case does so by allowing for the prosecution of those who solicit someone whom they believe to be a child or someone who represents themself to be a child. The Texas Legislature narrowly tailored this statute to apply only to sexually explicit communication and a recipient who has represented himself or herself to be younger than seventeen years old (section 33.021(a)(1)(A)) or whom the sender believes is younger than seventeen years old (section 33.021(a)(1)(B)). *See* TEX. PENAL CODE ANN. § 33.021(a)(1), (b).

By including in the definition of a "minor" an individual who represents himself or herself to be younger than seventeen years old, the statute permits police officers to discover and convict those adults who would communicate in a sexually explicit manner with children—and possibly attempt escalating sexual contact—before the offenders can make contact with actual children. The legislature articulated that the purpose of the bill that became section 33.021(a)(1)(A) was to permit law enforcement to intercept sexual predators while they were still "grooming" the child before they injured the child:

> Usually individuals go through a series of "grooming" steps when soliciting sex with a child through the Internet. This process begins with befriending a child

–10–

online, developing trust, then engaging in sexually explicit conversation, and finally meeting with the child. By criminalizing online sexually explicit communication with a child, the bill would allow law enforcement to stop an offender before the offender could injure the child. It also would serve as a deterrent to potential offenders.

House Research Org., Bill Analysis for House Criminal Jurisprudence Comm., C.S.H.B. 2228 (April 11, 2005) (available at: www.hro.house.state.tx.us/pdf/ba79r/hb2228.pdf#navpanes=0). Thus, the legislative history indicates Texas's online solicitation of a minor statute is a direct outgrowth of Texas's surpassing interest in protecting the health and safety of its children. At the same time, the legislature balanced that interest by providing "a deterrent to potential offenders," that is requiring either notice from the recipient that the recipient was younger than seventeen years old or an actual belief by the offender that the recipient was younger than seventeen years old. Under either set of facts—notice or belief—an offender has all the information necessary to conform his conduct to the law. To paraphrase the Supreme Court, one would hardly be surprised to learn that communicating sexually explicit material to a child younger than seventeen years old is not an innocent act. *Cf. United States v. Freed*, 401 U.S. 601, 607, 609 (1971) ("One would hardly be surprised to learn that possession of hand grenades is not an innocent act.").

Speech attempting to orchestrate the sexual abuse of children is no more constitutionally protected than speech attempting to arrange any other type of crime. *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004). Communication used as an integral part of conduct in violation of a criminal statute is only rarely protected by the constitutional freedom of speech. *See United States v. Stevens*, 130 S. Ct. 1577, 1586 (2010). Appellant, therefore, does not have a constitutionally protected right of speech to communicate sexually explicit material to a recipient who represents to appellant that the recipient is younger than seventeen years old or whom appellant believes is younger than seventeen years old.

–11–

Appellant's complaint about the definition of the term "minor" is that it precludes a mistake of fact defense. He argues that the statute would have permitted the State to convict him even if he had been told at one point that "Brook" was twenty-five years old and received a photograph of "Brook" depicting a twenty-five-year-old woman. In the record before us, the testimony from law enforcement officers established that they have never enforced the statute in a situation hypothecated by appellant: where the recipient inconsistently represented him or herself to be both younger and older than seventeen years old. Appellant's hypothetical is merely an imagination of some unconstitutional application without an evidentiary basis. He fails to demonstrate any quantum of constitutionally protected speech endangered by the statute in comparison to the lawful reach of the statute. *See In re Shaw*, 204 S.W.3d at 15. Such speculation amounts to at best some miniscule fraction of the communications within the scope of section 33.021(a)(1), (b). *See Ferber*, 458 U.S. at 773-74. This does not indicate "a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court for it to be facially challenged on overbreadth grounds." *Vincent*, 466 U.S. at 801. To the extent appellant has succeeded in demonstrating any overbreadth, the overbreadth of section 33.021(b) in conjunction with section 33.021(a)(1)(A) is not substantial when compared "to its plainly legitimate sweep." *Maloney v. State*, 294 S.W.3d 613, 628 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). Accordingly, we conclude that Texas's online solicitation of a minor statute does not violate the First Amendment. We overrule appellant's second argument in his first and second points of error.

### III. MOTION TO SUPPRESS

In his third point of error, appellant complains the trial court erred when it denied his motion to suppress the evidence collected as the result of the State's petition for a court order to obtain electronic communication records from an internet service provider. He specifically

complains that the petition wrongly lists the relevant offense as "online harassment," rather than online solicitation of a minor. Below the title of the offense, however, the petition specifies that the officer is investigating a case "in which an unknown person is soliciting a minor online from this IP address to engage in sexual contact with the minor." Appellant raised this complaint with the trial court, but the court overruled his motion to suppress.

Article 18.21, section 5 of the Texas Code of Criminal Procedure provides that a court "shall issue an order authorizing disclosure of contents, records, or other information of a wire or electronic communication held in electronic storage if the court determines that there is a reasonable belief that the information sought is relevant to a legitimate law enforcement inquiry." TEX. CODE CRIM. PROC. ANN. art. 18.21, § 5(a) (West Supp. 2012). We review the trial court's admission of evidence under an abuse of discretion standard and uphold the trial court's ruling as long as it falls within the "zone of reasonable disagreement." *See Jones v. State*, 111 S.W.3d 600, 606 (Tex. App.—Dallas 2003, pet. ref'd). The petition before us, along with the officer's testimony, makes clear that the "online harassment" reference was merely a typographical error, that the petition specifically identified the offense being investigated, and that the officer was justified in pursuing an order disclosing the records from the internet service provider. We conclude the trial court did not abuse its discretion in denying appellant's motion to suppress. We overrule appellant's third point of error.

## IV. CONCLUSION

In conclusion, even if section 33.021(a)(1)(A) of Texas's online solicitation of a minor statute deprives an accused of a mistake-of-fact defense as to the age of the recipient, the statute does not violate appellant's substantive due process rights and is not overly broad in violation of the First Amendment. We also conclude that the trial court did not abuse its discretion in

–13–

denying appellant's motion to suppress the evidence collected from his internet service provider.

Accordingly, we affirm the trial court's judgment.

/David W. Evans/
DAVID EVANS
JUSTICE

Publish
TEX. R. APP. P. 47

120923F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

COREY THOMAS FREEMAN, Appellant

No. 05-12-00923-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas
Trial Court Cause No. 401-80780-2011.
Opinion delivered by Justice Evans.
Justices Lang and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 10th day of September, 2013.


/David W. Evans/
DAVID EVANS
JUSTICE